**UNITED STATES of America,**

v.

**Jason ZAWADZKI, Defendant.**

**Criminal Action No. 00–10077–WGY.**

United States District Court,
D. Massachusetts.

Dec. 23, 2008.

John T. McNeil, United States Attorney's Office, Boston, MA, for Plaintiff.

*ORDER*

YOUNG, District Judge.

In November 2000, the defendant Jason Zawadzki ("Zawadzki") pled guilty to a three-count indictment charging him with possession and transfer of unregistered destructive devices and possession of a firearm by a felon. This Court sentenced him in November 2001 to thirteen years of incarceration and three years of supervised release. When calculating Zawadzki's offense level, the Court added a three level enhancement pursuant to section 4A1.1(a) of the United States Sentencing Guidelines[1] based on a prior Massachusetts conviction for breaking and entering in the nighttime with intent to commit a felony, a charge to which Zawadzki had pled guilty in 1998. The Massachusetts Appeals Court later vacated that conviction, concluding on August 10, 2005 that the Commonwealth's factual rendition at the plea hearing was insufficient. *See Commonwealth v. Zawadzki,* No. 04–P–1356, 64 Mass.App.Ct. 1104, 2005 WL 1903305, at *1 (Mass.App.Ct. Aug. 10, 2005). That vacatur is the basis for the instant request.

Prior to this petition, Zawadzki, in October 2004, filed in this Court a motion to vacate his November 2001 sentence pursuant to 28 U.S.C. § 2255, relying on *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The Court denied the motion, observing that *Blakely* was not retroactive. [*See* 04–cv–12114–WGY, 11/04/2004 ruling]. The First Circuit Court of Appeals affirmed.

On July 24, 2006, Zawadzki filed in this Court a second petition pursuant to 28 U.S.C. § 2255, claiming that his sentence improperly had been enhanced based on the prior state conviction that later was

---

1. U.S. Sentencing Guidelines Manual § 4A1.1(a) (2000), provides: "Add 3 points for each prior sentence of imprisonment exceeding one year and one month."

overturned. Zawadzki had not, however, sought an order from the First Circuit pursuant to 28 U.S.C. § 2255(h) authorizing this Court to consider his second or successive habeas corpus petition, and this Court denied it. [*See* 06–cv11273–WGY, 08/14/2006].

Zawadzki filed the instant motion to correct his sentence pursuant to 18 U.S.C. § 3582 on October 27, 2008. [Doc. No. 111]. On October 31, 2008, the Court converted it to a petition pursuant to 28 U.S.C. § 2255 [Doc. No. 112], and later denied Zawadzki's request to reconsider. [Doc. No. 114].

The Court now agrees with the United States that the petition must be dismissed for lack of subject matter jurisdiction. First, Zawadzki has failed, as in 2006, to seek prior approval from the First Circuit. *See* 28 U.S.C. § 2255(h). Second, had he sought approval, it would have been denied. In *Johnson v. United States,* 544 U.S. 295, 298, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), the Supreme Court held that when a prisoner collaterally attacks a federal sentence on the ground that a state conviction used to enhance the sentence since has been vacated, the one-year statute of limitations begins to run when the petitioner receives notice of the vacatur, so long as he acted with due diligence in attacking the conviction. In this case, more than three years have passed since Zawadzki's state conviction was vacated and almost seven years since his sentence was imposed by this Court. Furthermore, *Johnson* does not apply because the *Johnson* defendant, unlike Zawadzki, was sentenced as a career offender. For these reasons, Zawadzki's motion [Doc. No. 112] is DENIED.

SO ORDERED.